USAO#2024R00915/ABJ/KMH

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Christine P. O'Hearn |
| | : | |
| v. | : | Crim. No. 25-29 |
| | : | |
| MELODY STRATTON | : | 21 U.S.C. § 846 |
| | : | 18 U.S.C. § 933(a)(3) |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl)

From in or about August 2023, through on or about February 28, 2024, in Burlington County, in the District of New Jersey, and elsewhere, the defendant,

### MELODY STRATTON,

did knowingly and intentionally conspire and agree with Mansfield Johnson and others to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[ 1-(2-phenylethyl)-4-piperidinyl ] propenamide ("fentanyl"), a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

In violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Conspiracy to Traffic a Firearm)

On or about January 16, 2024, in Burlington County, in the District of New Jersey, and elsewhere, the defendant,

### MELODY STRATTON,

did knowingly and intentionally conspire and agree with Mansfield Johnson and others to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm, that is, a Smith & Wesson, .40 caliber handgun, Model SW40VE, bearing serial number PDC1344, to another person in and otherwise affecting interstate or foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, contrary to Title 18, United States Code, Section 933(a)(1).

In violation of Title 18, United States Code, Section 933(a)(3).

## FORFEITURE ALLEGATION AS TO COUNT ONE

1. The allegations contained in this Information are hereby realleged and incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

2. Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One this Information, the defendant,

MELODY STRATTON,

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in Count One of this Information, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

## FORFEITURE ALLEGATION AS TO COUNT TWO

1. The allegations contained in this Information are hereby realleged and incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 933(a)(3), set forth in Count Two of this Information, the defendant,

MELODY STRATTON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 924(d)(1) and 934 and Title 28, United States Code, Section 2461(c), any and all property constituting or derived from any proceeds obtained directly or indirectly as

a result of the offense charged in Count Two of this Information, and any firearms and ammunition involved in or used in the commission of the offense, including, but not limited to, the following:

- (a) Smith & Wesson SW40VE .40 caliber handgun, serial number PDC1344; and
- (b) 11 rounds of .40 caliber ammunition.

### Substitute Assets Provision
### (Applicable to All Counts)

If any of the property described above, as a result of any act or omission of the defendant:

- (a) cannot be located upon the exercise of due diligence;
- (b) has been transferred or sold to, or deposited with, a third party;
- (c) has been placed beyond the jurisdiction of the court;
- (d) has been substantially diminished in value; or
- (e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

*Vikas Khanna*
VIKAS KHANNA
Acting United States Attorney

4