

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*401 Market Street, P.O. Box 2098*   *856-757-5026*
*Camden, New Jersey 08101*

ABJ/PL AGR
2020R00990

September 5, 2024

Michael N. Huff, Esq.
1333 Race Street
Philadelphia, PA 19107

   Re: <u>Plea Agreement with Melody Stratton</u>

Dear Mr. Huff:

  This letter sets forth the plea agreement between your client, Melody Stratton, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on October 31, 2024, if it is not accepted in writing by that date. If Melody Stratton does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

## Charges

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Melody Stratton to a two-count Information, which charges Melody Stratton with the following offenses:

1. conspiracy to distribute and possess with intent to distribute a mixture or substance containing fentanyl, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846; and

2. conspiracy to traffic a firearm, in violation of 18 U.S.C. § 933~~(c)~~ (a)(3).

If Melody Stratton enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Melody Stratton because of her drug trafficking and firearms trafficking activity from in or about August 2023 to February 2024. Melody Stratton agrees that uncharged or dismissed counts should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Melody Stratton even if the applicable statute of limitations period for those charges expires after Melody Stratton signs this agreement, and Melody Stratton agrees not to assert that any such charges are time-barred.

## Sentencing

### Count 1

The violation of 21 U.S.C. § 846 to which Melody Stratton agrees to plead guilty carries a statutory maximum prison term of 20 years, and a statutory maximum fine equal to the greatest of (1) $1,000,000 or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### Count 2

The violation of 18 U.S.C. § 933~~(c)~~ (a)(3) to which Melody Stratton agrees to plead guilty carries a statutory maximum term of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000 or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

[handwritten initials in margin]

The prison sentences on each count may run consecutive to each other. Additionally, the prison sentences on the charges in the Information may run consecutively to any other prison sentence Melody Stratton is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Melody Stratton is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Melody Stratton ultimately will receive.

Further, in addition to imposing any other penalty on Melody Stratton, the sentencing judge as part of the sentence:

(1) will order Melody Stratton to pay an assessment of $100 per count, for a total of $200, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1);

(3) may deny Melody Stratton certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(4) for Count One, pursuant to 21 U.S.C. § 841, must require Melody Stratton to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. For Counts Two, pursuant to 18 U.S.C. § 3583, may require Melody Stratton to serve a term of supervised release of not more than three years. Should Melody Stratton be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Melody Stratton may be sentenced on Counts One and Counts Two to not more than two years' imprisonment, which could be ordered to be served consecutively, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Forfeiture

As part of Melody Stratton's acceptance of responsibility and pursuant to 21 U.S.C. § 853, Melody Stratton agrees to forfeit to the United States any and all property constituting or derived from any proceeds Melody Stratton obtained, directly or indirectly, as the result of the violations charged in the Information, and all of Melody Stratton's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violations charged in the Information.

Melody Stratton further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by Melody Stratton (the "Money Judgment"). Melody Stratton consents to the entry of an order requiring Melody Stratton to pay the Money Judgment and agrees that such Order will be final as to Melody Stratton prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of

forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Melody Stratton's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Melody Stratton further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Melody Stratton waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Melody Stratton consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to Melody Stratton prior to the sentencing. Melody Stratton understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise Melody Stratton of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Melody Stratton further understands that Melody Stratton has no right to demand that any forfeiture of Melody Stratton's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Melody Stratton in addition to forfeiture.

Melody Stratton further agrees that, not later than the date Melody Stratton enters the guilty plea, Melody Stratton will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Melody Stratton fails to do so, or if this Office determines that Melody Stratton has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Melody Stratton further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in the Smith & Wesson SW40VE .40 caliber handgun, serial number PDC1344, and 11 cartridges of .40 caliber ammunition, possessed by Melody Stratton on or about

January 16, 2024. Melody Stratton waives all challenges of any kind to the forfeiture and abandonment of the firearm and ammunition by federal, state, and/or local law enforcement. Melody Stratton further waives any additional notice requirement in connection with the forfeiture and abandonment of the firearm and ammunition and consents to the destruction of the forfeited and abandoned firearm and ammunition at the discretion of federal, state, and/or local law enforcement.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Melody Stratton by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Melody Stratton's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Melody Stratton will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Melody Stratton waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Melody Stratton understands that, if Melody Stratton is not a citizen of the United States, Melody Stratton's guilty plea to the charged offenses will likely result in Melody Stratton being subject to immigration proceedings and removed from the United States by making Melody Stratton deportable, excludable, or inadmissible, or ending Melody Stratton's naturalization. Melody Stratton understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Melody Stratton wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Melody Stratton's removal from the United States. Melody Stratton understands that Melody Stratton is bound by this guilty plea regardless of any immigration consequences. Accordingly, Melody Stratton waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Melody Stratton also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Melody Stratton. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude Melody Stratton from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between Melody Stratton and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: ANDREW B. JOHNS
Assistant U.S. Attorney

APPROVED:

JASON M. RICHARDSON
Attorney-in-Charge, Camden Branch

I have received this letter from my attorney, Michael N. Huff, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*[Signature: Melody Stratton]*

Melody Stratton

Date: 10/30/2024

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*[Signature: M. Huff]*

Michael N. Huff, Esq.
Counsel for Defendant

Date: 10/30/2024

## Plea Agreement With Melody Stratton

## Schedule A

1. This Office and Melody Stratton recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2023 applies in this case.

3. The applicable guideline for Count One is U.S.S.G. § 2D1.1. The applicable guideline for Count Two is U.S.S.G. § 2K2.1.

4. Both counts group together into a single group under U.S.S.G. § 3D1.2(d).

5. The offense level for the grouped counts is the offense level applicable for the aggregate quantity of controlled substances involved in Melody Stratton's offense, as determined by Chapter Two and Parts A, B and C of Chapter Three of the Guidelines. U.S.S.G. § 3D1.3(b).

6. Melody Stratton's offense involved the distribution of approximately 27.8 grams of crack cocaine, 87.78 grams of powder cocaine, and 387.87 grams of fentanyl. This equates to 1,090 kilograms of Combined Drug Weight. Therefore, the base offense level for the grouped counts is 30. U.S.S.G. 2D1.1(c)(4).

7. Melody Stratton possessed a firearm during the course of the offense. Therefore, a 2-level enhancement is applied under U.S.S.G. § 2D1.1(b)(1).

8. Melody Stratton was a minor participant in the offense, resulting in a 2-level deduction. U.S.S.G. § 3B1.2(b).

9. Accordingly, the adjusted offense level for the grouped counts is 30.

10. As of the date of this letter, Melody Stratton has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense/offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Melody Stratton's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

11. As of the date of this letter, Melody Stratton has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point

reduction in Melody Stratton's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Melody Stratton enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Melody Stratton's acceptance of responsibility has continued through the date of sentencing and Melody Stratton therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Melody Stratton's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

12.  Accordingly, the parties agree that the total Guidelines offense level applicable to Melody Stratton is 27 (the "Total Offense Level").

13.  The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

14.  In accordance with Department of Justice policy, the Government recognizes that Melody Stratton's base offense level would be 2-levels lower but for the disparate treatment of crack cocaine versus powder cocaine in the Guidelines. Therefore, the Government agrees to move for a 2-level downward variance at Step 3 to eliminate the crack-to-powder disparity in Melody Stratton's sentencing.

15.  If the term of imprisonment does not exceed 71 months, and except as specified in the next paragraph below, Melody Stratton will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 57 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

16.  Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

   a. Any proceeding to revoke the term of supervised release.

b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).